## UNDERWOOD et als. vs. THE STATE.

1. In an indictment for camp-hunting, under the Act of February 5, 1846, (Pamphlet Acts, p. 134,) a count which only charges the defendants with *having formed themselves into a company consisting of more than five for the purpose of camp-hunting*, is fatally defective.

2. A count which charges that the defendants came into the county of Covington for the purpose of camp-hunting, and that they did camp-hunt therein, but does not allege that *they hunted together, or in a company of more than five persons*, is also defective.

3. The Act of February 5, 1846, does not prevent citizens of other counties from camp-hunting in the county of Covington, *except in companies consisting of more than five persons*.

Error to the Circuit Court of Covington. Tried before the Hon. E. Pickens.

Belser & Harris, for plaintiffs in error.

Attorney General, for the State.

DARGAN, C. J.—This indictment is framed upon a statute passed the 5th of February, 1846, entitled "An act to prevent the evil and pernicious practice of camp hunting so far as relates to the county of Covington." The first section declares that from and after the passage of this act, it shall not be lawful for any persons of said county to form themselves into companies of more than five at any one time for the purpose of hunting deer or any other game in said county, by camping therein; or for any other person or persons going to said county for the purpose of camp hunting. The second section prescribes the penalty for a violation of the act.

The first count of the indictment charges the defendants, (nine in number,) with having formed themselves into a company of more than five for the purpose of hunting deer in said county, by camping therein. We think this count clearly defective. The evil intended to be suppressed was camp hunting in the county of Covington in companies greater in number than five, and to constitute the offence the act must be done, that is, they must camp in the county of Covington for the purpose and with the design of hunting deer or other game. The first count more-

Underwood et als. v. The State.

ly charges the defendants with having formed themselves *into a company*, for the purpose of consummating the offence, but not with having actually committed it. It does not appear from this count that the defendants actually camped in Covington county for the purpose of hunting, nor even that they hunted at all. The mere agreement to camp hunt, without carrying that agreement into execution, is not the evil intended to be suppressed.

The second count charges that the defendants, not being citizens of Covington county, but residents of Pike county, did, on the first day of December, 1849, come to the county of Covington for the purpose, and did then and there camp hunt for deer in said county of Covington. This count does not charge the defendants with camp hunting together, *or in a company consisting of more than five*, and hence it is contended that it is defective. On the part of the State, however, it is insisted that as the defendants are not citizens of Covington county, but of Pike, they are equally guilty, whether they formed themselves into a company for the purpose of camp hunting, or each did the act separately and not in connection with any of the others; that it was intended by the Legislature to permit the citizens of Covington county to camp hunt so that they did not form themselves into companies of more than five, but that no one residing in any other county in the State could camp hunt in Covington county, whether he hunted alone or in a company composed of more than five.

We cannot agree with the Attorney General in his construction of the act. It would lead to this: if three or four citizens of Covington and one of Pike should camp hunt together, as they would not form a company of more than five, the citizens of Covington would not violate the act, whilst the citizen of Pike, who hunted with them, would be subjected to its penalties. We do not think the Legislature intended to draw distinctions between the citizens of different counties, or to permit citizens of Covington to do an act which would be an offence if done by citizens of any other county. The last clause of the first section is very obscurely drawn, but we are satisfied that the evil intended to be suppressed was camp hunting in Covington county in companies consisting of more than five, and to constitute the offence without regard to the residence of the offenders, whether

they are citizens of one county or another, it must be shown that they acted together, or in companies consisting of more than five. As the second count does not allege that the defendants acted together, or in a company, it is defective, and the judgment of conviction must be reversed.